

**SO ORDERED.**

**SIGNED this 7 day of October, 2014.**

```
                                      _____
                                      Stephani W. Humrickhouse
                                      United States Bankruptcy Judge
```

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| BMOC INVESTORS, LLC | 14-01486-5-SWH |
|     DEBTOR | |
| | |
| WELLS FARGO, N.A. | |
|     Plaintiff | ADVERSARY PROCEEDING NO. |
|     v. | 14-00009-5-SWH-AP |
| BMOC INVESTORS, LLC and JAMES I. ANTHONY, JR. | |
|     Defendants. | |

ORDER REGARDING MOTION TO
ABSTAIN AND MOTION FOR REMAND

The matter before the court in this adversary proceeding is the motion to abstain and remand filed by Wells Fargo Bank, N.A. ("Wells Fargo"). A hearing was held in Raleigh, North Carolina, on August 26, 2014. After consideration of the matter, the court will allow Wells Fargo's motion to abstain and remand as it applies to defendant James I. Anthony, Jr. ("Anthony"). This order is

conditioned on Wells Fargo dismissing the debtor, BMOC Investors, LLC ("debtor"), from the action.

On February 28, 2014, Wells Fargo commenced a civil action in the Superior Court Division of Alamance County, North Carolina, Case No. 14 CVS 365, against debtor and Anthony ("Civil Action"). In the Civil Action, Wells Fargo sought damages from debtor for breaching certain promissory notes, damages from Anthony pursuant to a guaranty he executed, and the appointment of a receiver.

On June 4, 2009, debtor executed a promissory note to Wells Fargo. The note was subsequently modified by loan modification agreements on November 30, 2010 and February 13, 2012. The note is secured by a security interest in certain land, including certain buildings on such land and all improvements, fixtures, personal property, leases, licenses, occupancy agreements, rents, income, revenue, profits, contracts and proceeds arising from such land. As additional security, Anthony executed a guaranty in favor of Wells Fargo. Under the note and the guaranty, the outstanding principal balance on the note was required to be reduced to $6,500,000.00 or less by December 13, 2013. This amount was neither paid nor cured by debtor or Anthony.

Subsequently, on March 14, 2014, debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor is a North Carolina limited liability company with a principal place of business in Alamance County. On May 23, 2014, the Civil Action was removed to this court, and was docketed as Adversary Proceeding No. 14-00009-5-SWH.

Wells Fargo requests that the court abstain from hearing the removed Civil Action and remand it to state court. Wells Fargo contends that mandatory abstention is required because it filed a timely motion to abstain, the action is grounded in state law, the action is not a core proceeding,

the action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334, the action was pending when the bankruptcy was filed and it can be timely adjudicated in state court. Alternatively, Wells Fargo requests remand on equitable grounds under 28 U.S.C. § 1452(b). Debtor requests that the court deny Wells Fargo's motion to remand, contending that mandatory abstention is not required because the action involves a core proceeding. Debtor claims that equitable remand is likewise inappropriate because Wells Fargo did not state whether it would dismiss its claims against debtor with prejudice, and because Anthony will have continuing claims against debtor for exoneration and/or indemnification. Similarly, Anthony requests that the court deny Wells Fargo's motion to remand, first contending that mandatory abstention is not required because this is a core proceeding. Anthony asserts that equitable remand is inappropriate because separate litigation against him would adversely affect administration of the bankruptcy estate.

## Discussion

Under 28 U.S.C. § 1334(b), the district courts have original, but not exclusive, jurisdiction over all proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). It is not disputed by the parties that related to jurisdiction is present.

"Mandatory abstention prevents a federal court from 'hearing a non-core matter which can be timely adjudicated in state court in a previously commenced action.'" Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises, Inc. (In re Mercer's Enterprises, Inc.), 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008) (quoting Cox v. Cox (In re Cox), 247 B.R. 556, 569 (Bankr. D. Mass. 2000)). Specifically, a federal court must abstain from hearing a matter if (1) a timely motion to abstain is filed, (2) the removed proceeding is based on a state law claim or a state law cause of action, (3) the removed proceeding is "related to" a bankruptcy case, but does not "arise under" Title

3

11 or "arise in" a case under Title 11, (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334, (5) the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

The parties agree that five of the elements for mandatory abstention are present. Wells Fargo filed its motion for abstention and remand roughly three weeks after the Notice of Removal was filed. Recovery under the note and the guaranty are both state law claims. There are no other independent grounds for federal jurisdiction. Wells Fargo commenced this action on February 28, 2014, before debtor filed its petition. Furthermore, the action can be timely adjudicated in the appropriate state forum. At issue is whether the proceeding is "related to" the bankruptcy case, but does not "arise under" Title 11 or "arise in" a case under Title 11.

The guaranty action against Anthony is not a core proceeding arising under Title 11 or arising in a case under Title 11. "Proceedings 'arise under' Title 11 if they invoke a 'substantive right created by federal bankruptcy law.'" In re 3G Properties, LLC, 2010 WL 4027770 (Bankr. E.D.N.C. 2010) (quoting Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). Proceedings that "arise in" a case under Title 11 are not based upon any right explicitly created by Title 11, but have no existence apart from the bankruptcy. HH1, LLC v. Lo'r Decks at Calico Jacks, LLC, 2010 WL 1009235 at *1 (Bankr. M.D.N.C. 2010). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . ." Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987). A non-exhaustive list of matters that are core proceedings is provided by 28 U.S.C. § 157 and includes the allowance and disallowance of a claim against the estate. 28 U.S.C. § 157(b)(2)(B).

4

The guaranty action against Anthony is not a core proceeding because it does not arise under Title 11 or arise in a case under Title 11. Wells Fargo's claim does not arise under Title 11 because it is based entirely on state law and is thus not dependent on Title 11. The guaranty action does not involve a claim created or determined by Title 11. Matter of Wood, 825 F.2d at 96. Likewise, its claim does not arise in a case under Title 11, because the cause of action was commenced independently of, and prior to, the bankruptcy, and thus has existence apart from the bankruptcy. See HH1, LLC, 2010 WL 1009235 at *1. In In re Newell, the plaintiffs' state law claims against the debtor were core proceedings. 424 B.R. 730, 735 (Bankr. E.D.N.C. 2010). The plaintiffs filed proofs of claim against the debtor's bankruptcy estate, to which the debtor invoked certain affirmative defenses that had to be determined as to liability, nature and extent by the bankruptcy court. Id. In contrast, the specific claim asserted by Wells Fargo is against the guarantor, Anthony, and does not directly involve debtor or the bankruptcy estate. The claim against Anthony does not directly involve what comprises the bankruptcy estate as it did in Mercer's Enterprises, Inc., where the plaintiff's claims involved a determination of the extent of the debtor's ownership in the estate's only property. 387 B.R. 685-86. Although Wells Fargo did file a proof of claim against debtor, this is not enough to make the proceeding against Anthony core. In HH1, LLC, the plaintiff's action against the guarantors was non-core, even though it had also brought an action against the debtor and filed a proof of claim. 2010 WL 1009235 at *1.

Rather, the guaranty action against Anthony is a related to proceeding under 28 U.S.C. § 1334(c). The test for determining related to jurisdiction is "'whether the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options

5

or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.'" In re Celotex, 124 F.3d 619, 625-26 (4th Cir. 1997) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1002 n. 11 (4th Cir. 1986)).

Related to jurisdiction is present here because a recovery from Anthony by Wells Fargo would reduce or eliminate Wells Fargo's claim in the case and result in substitution of Anthony as a claimant against debtor. It could thus conceivably affect administration of the bankruptcy estate. See HH1, LLC, 2010 WL 1009235 at *2. The court in In re 3G Properties, LLC specifically found that guaranty actions are related proceedings. 2010 WL 4027770 at *2. "The guaranty action against the defendants does not invoke a substantive right created by federal bankruptcy law, but rather is based entirely on state law. . . . [T]he guaranty action is a 'related to' proceeding under 28 U.S.C. § 1334(c)(2)." Id. This was so even though the defendant guarantors in In re 3G Properties, LLC filed proofs of claim in the debtor's bankruptcy case that could affect the estate. 2010 WL 4027770 at *3. Although Wells Fargo's success in its case against Anthony could conceivably impact the bankruptcy by prompting a claim for exoneration and/or indemnification by Anthony against debtor, courts and parties have found such scenarios to support related to jurisdiction. See In re 3G Properties, LLC, 2010 WL 4027770 at *3, HH1, LLC, 2010 WL 1009235 at *2, TD Bank, N.A. v. Sewall, 419 B.R. 103, 108 (Bankr. D. Me. 2009). "'[C]laims involving the guarantors do not arise under title 11 or arise in a case under title 11, but do fall within the related to jurisdiction of this court.'" In re 3G Properties, LLC, 2010 WL 4027770 at *2 (quoting HH1, LLC, 2010 WL 1009235 at *3). Furthermore, in Matter of Wood, a case where the plaintiff claimed the defendant debtor had wrongfully issued additional stock to himself, the court found that even though final judgment in

6

favor of the plaintiff could have lead to further proceedings to allow a claim or discharge a debt, it was too speculative and insubstantial to make the proceeding core. 825 F.2d at 98.

Mandatory abstention is not required with regard to Wells Fargo's claim against debtor because it is a core proceeding. Wells Fargo has pledged that it will dismiss the action as to debtor. Upon dismissal of debtor, there will be no pending core proceeding and abstention will be required.

The six factors that require mandatory abstention under 28 U.S.C. § 1334(c)(2) are present. Thus, the court need not address whether equitable remand is proper. Wells Fargo shall have five (5) days from the date of this order to file a dismissal against the debtor. Upon such dismissal, the guaranty action will be remanded to the Superior Court of Alamance County, North Carolina.

**SO ORDERED.**

**END OF DOCUMENT**